IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: EDWARD C. MALLOY, : <br> : <br> Debtor-in-Possess. : <br> : <br> ──────────────────────────── : <br> : <br> TERRY P. DERSHAW, : <br> : **BANKRUPTCY NO. 14-15464** <br> Trustee, : <br> : **CIVIL ACTION NO. 19-5181** <br> v. : <br> : <br> UNITED STATES TRUSTEE, : <br> : <br> Trustee. : | |

**MEMORANDUM**

**Tucker, J.**                                                                                               **May 11, 2022**

Before the Court is an Amended Certificate of Appeal from an Order entered by the Honorable Eric L. Frank, United States Bankruptcy Court Judge for the Eastern District of Pennsylvania (ECF No. 2) to evaluate the Debtor's Motion to Reopen Bankruptcy Case. Upon consideration of the submissions and exhibits,[1] and the designated record on appeal (ECF Nos. 7, 8), the Court **AFFIRMS** the Bankruptcy Court's decision.

I.      FACTUAL AND PROCEDURAL BACKGROUND

As the Court writes primarily for the Parties, it sets forth only those facts relevant to its analysis.

On July 7, 2014, Mr. Edward Malloy filed a Chapter 7 bankruptcy petition. Original Bankruptcy Record, ECF No. 7-1, Page 3. On December 31, 2014, Chapter 7 Trustee Terry P.

---

[1] All claims raised by the Debtor, Mr. Malloy, were found in the record on appeal. Mr. Malloy did not submit additional briefing to this Court.

1

Dershaw entered his report on the Debtor's dischargeable and non-dischargeable claims.[2] On January 5, 2015, Judge Frank approved Trustee Dershaw's report, discharged him as a Trustee, and closed this case. *Id.* at 8-9. Mr. Malloy appealed this decision to the Eastern District of Pennsylvania as well as the Third Circuit Court of Appeals, and interpreted their holdings that affirmed the Bankruptcy Court's decisions and closed the matter at the Debtor's request as giving him the authority to reopen his case. Original Bankruptcy Record, ECF No. 7-3 page 65-75. On October 4, 2019, Mr. Malloy filed a Motion to Reopen a Chapter 7 Case in order to pursue his creditor bankruptcy fraud claims regarding an underlying real estate transaction that is being litigated in state court. Original Bankruptcy Record, ECF No. 7-3 page 62-63. In his Complaint to Prosecute Creditor Bankruptcy Fraud,[3] Mr. Malloy raised six claims against various defendants for "illegally forcing [P]laintiff into bankruptcy," admitting to "illegally perpetuating criminal bankruptcy fraud," and "abusing the bankruptcy process in an attempt to extort money and other assets from [P]laintiff at a time when the creditor no longer existed." Original Bankruptcy Record, ECF No. 7-3 pages 76-78, 82, 86, 95.

Respondents Vincent B. Mancini, Esq. and Law Offices of Vincent B. Mancini and Associates explained that "Vincent B. Mancini and the Law Offices of Vincent B. Mancini & Associates were not parties to Mr. Malloy's bankruptcy proceedings nor did said Respondents represent any party in the said proceedings." Original Bankruptcy Record, ECF No. 7-3, page 182. Further, Respondents averred Mr. Malloy is engaging in the same practice of baseless and vexatious litigation here that caused the Supreme Court of Pennsylvania to suspend his law

---

[2] Trustee Dershaw found that (1) the amount of assets abandoned without deducting any secured claims was $16,652.00, (2) the amount of claims scheduled was $36,9486.05, and (3) the amount claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge) was $36,9486.05. Original Bankruptcy Record, ECF No. 7-1, Page 8-9.

[3] Plaintiff raises claims against: Paul J. Toner, Esq., Orphanides & Toner, LLP, the Law Offices of Vincent B. Mancini and Associates, Brian C. Legrow, Esq., and Deasey[,] Mahoney & Valentini, Ltd., Vincent D'Annunzio, John D'Annunzio, J & V Developers, Inc.,

license for five years on June 30, 2016. Original Bankruptcy Record, ECF No. 7-3, page 183. They also explained that Mr. Malloy filed this Motion to Reopen Case in order to evade the Delaware County Court of Common Pleas' September 20, 2019 Order prohibiting Mr. Malloy and his wife Deborah Malloy from any new filings in the Court of Common Pleas while their various pending motions are being considered. *Id.*, Order of Delaware County Court of Common Pleas, ECF No. 7-3, pages 192-194.

Mr. Malloy requested a hearing on his Motion to Reopen, which took place on October 30, 2019. At that hearing, Judge Frank held that "Mr. Malloy has not put forward anything approaching a colorable case. Reopening the case to let Mr. Malloy institute these claims, at best is futile and at worse is itself abusive given the history of this matter of which I am well familiar in light of the related litigation." Thus, Judge Frank denied the Debtor's Motion to Reopen Bankruptcy Case. Original Bankruptcy Record, ECF No. 7-3 pages 62, 204, 261.

Subsequently, Mr. Malloy filed an appeal to this Court. The Debtor raises an abuse of discretion claim with eight (8) subsections, averring the Bankruptcy Court "overlook[ed] and/or illegally turn[ed] a blind eye" to:

(1) evidence of creditor's counsel Paul J. Toner's bankruptcy crimes and/or professional misconduct;
(2) evidence of creditor's counsel Brian C. LeGrow's bankruptcy crimes and/or professional misconduct;
(3) evidence of creditor's counsel Kenneth E. West's bankruptcy crimes and/or professional misconduct;
(4) evidence of defunct creditor's bankruptcy crimes;
(5) evidence of defunct creditor's former President Vincent D'Annunzio's bankruptcy crimes;
(6) evidence of defunct creditor's former Secretary John D'Annunzio's bankruptcy crimes.

And, the Debtor claims that the Bankruptcy Court abused its discretion when it concluded that:

      (7) it did not have jurisdiction over this matter (specifically underlying claims and state claims the Debtor raised); and

      (8) the Debtor has no basis for recovery against Vincent B. Mancini, Esq. and/or The Law Offices of Vincent B. Mancini and Associates.

Amended Certificate of Appeal, ECF 6-1 pages 35-36.

## II.   STANDARD OF REVIEW

This Court has jurisdiction over this appeal under 28 U.S.C. § 158(a)(1). A district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings." *In re Cohen*, 106 F.3d 52, 55 n.1 (3d Cir. 1997). When reviewing bankruptcy court proceedings, a district court sits as an appellate court. *In re Michael*, 699 F.3d 305, 308 n.2 (3d Cir. 2012); *In re Goody's Family Clothing Inc.*, 610 F.3d 812, 815 (3d Cir. 2010).  A district court must "review the bankruptcy court's legal determinations *de novo,* its factual findings for clear error and its exercise of discretion for abuse thereof." *In re United Healthcare Sys., Inc.*, 396 F.3d 247, 249 (3d Cir. 2005).

## III.   DISCUSSION

Malloy argues that the decision should be reversed for eight reasons, centering on abuse of discretion in the Bankruptcy Court's findings regarding the alleged creditor fraud. The Court finds Malloy's arguments unpersuasive, without merit, and, accordingly, affirms the Bankruptcy Court's decision.

11 U.S.C.S. § 350(b) gives a bankruptcy court broad discretion in deciding whether to reopen a case, and the decision to grant or deny a motion to reopen shall not be overturned unless the court abused its discretion. An abuse of discretion occurs when a court, relies upon an improper factor, neglects a factor entitled to substantial weight, or considers the correct mix of factors but makes a clear error of judgment in weighing them. *Ludvigsen v. Osborne (In re Ludvigsen)*, No. MB 14-039, 2015 Bankr. LEXIS 2048, at *1 (B.A.P. 1st Cir. Jan. 16, 2015).

Further, "if a debtor chooses to litigate an issue in state court, especially an issue over which the state court has concurrent jurisdiction, the debtor cannot expect to seek relief from an adverse state-court decision by reopening the bankruptcy case." 3 Collier on Bankruptcy P 350.03 (16th 2022). *See also*, In re Lazy Days' RV Ctr. Inc., 724 F.3d 418 (3d Cir. 2013), In re John G. Berg Assocs., Inc., 138 B.R. 782 (Bankr. E.D. Pa. 1992).

The twelve-plus years of litigation where Debtor now seeks federal intervention for defunct issues based on a legal misinterpretation illustrate that the Debtor's claims do not hold water in federal court, and support the Respondents' claims of vexatious litigation. One of the factors bankruptcy courts may consider in evaluating whether to reopen a case is the availability of non-bankruptcy courts to litigate a debtor's claims. *In re Canoe Mfg. Co.*, 466 B.R. 251 (Bankr. E.D. Pa. 2012). Here, Mr. Malloy's primary abuse of process claims appear to relate to a state court process that occurred prior to his Chapter 7 Bankruptcy Petition, making state court an appropriate forum for those claims. His two other abuse of process claims point to (1) an attorney answering an appearance on the record, and an attorney appearing at a §341 Bankruptcy Hearing—neither of which constitute abuse of process. Debtor's claims are not colorable, and Judge Frank's decision was within his discretion and demonstrates no clear error.  Accordingly, the Court affirms the Bankruptcy Court's ruling.

In this matter, the Debtor's requested relief cannot be granted, and he failed to meet his burden to demonstrate alleged creditor fraud in the record. The alleged acts of fraud surrounding the underlying real estate transaction being litigated in state court relate to the sale of real estate solely owned by Debtor's wife, addressed in a separate bankruptcy case filed under a different docket and separately administered. "If there is no possible relief that could be granted upon reopening of the case, the court will deny a motion to reopen." 3 Collier on Bankruptcy P 350.03

(16th 2022). Upon careful consideration of the record established here, Judge Frank relied upon proper factors, considered all factors entitled to substantial weight, and made no clear error of judgment in weighing the correct mix of factors, so there was no abuse of discretion.

## IV. CONCLUSION

For the reasons set forth above, the Court **AFFIRMS** the Bankruptcy Court's decision.